

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-2-2004

# Aden v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1864

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Aden v. Atty Gen USA" (2004). *2004 Decisions.* Paper 154.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/154

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-1864
_____

ABDIRIZAK ADEN,
                                    Petitioner
v.

JOHN ASHCROFT, Attorney General
of the United States,
                                    Respondent

_____

On Appeal from the Board of Immigration Appeals
(No. A76-142-495)
_____

Submitted Under Third Circuit LAR 34.1(a)
October 25, 2004

Before: NYGAARD, AMBRO, and VAN ANTWERPEN, Circuit Judges.


(Filed:  November 2, 2004)

_____

OPINION OF THE COURT
_____


NYGAARD, Circuit Judge.

        Abdirizak Aden ("Petitioner") petitions for review of a final order by the

Board of Immigration Appeals ("Board").  The Board affirmed the decision of an

Immigration Judge ("IJ") denying Petitioner asylum but granting him withholding of removal. We will deny the petition.

I.

Petitioner is a native and citizen of Somalia, and a member of the minority sub-clan Musa Said. In January 1991, he and his family were attacked in their home by members of a rival clan, the Hawiye. Several men walked into Petitioner's home, shot him in the head, and killed two of his children. After recovering, Petitioner fled with his family to the city of Kismayu, where they stayed for several days before fleeing again, this time to a region near the Somali-Kenyan border. By March 1991, Petitioner and his family moved to a refugee camp in Kenya. In 1996 Petitioner left the camp for South Africa, hoping to find a better life and then send for his family, who remained behind. Petitioner was granted asylum in South Africa on August 12, 1998. Nevertheless, he found South Africa inhospitable and in 1999 he left. Petitioner eventually arrived in the United States at Newark International Airport on July 3, 1999.

Upon arrival, Petitioner was questioned by immigration officials. During that questioning he failed to disclose that he had been granted asylum in South Africa. On August 20, 1999, the Immigration and Naturalization Service charged Petitioner with removability, claiming that he sought to enter the United States by fraud or wilful misrepresentation and that he lacked valid entry documents. Petitioner conceded removability for lack of valid entry documents but filed for asylum, withholding of

2

removal, and protection under the Convention Against Torture ("CAT"). On his asylum application, Petitioner stated under oath that he did not have asylum status in any other country. (App. at 938).

The IJ found that Petitioner had firmly resettled in South Africa and was thus ineligible for asylum. The IJ also found Petitioner's claims for withholding of removal and CAT protection to be not credible. Specifically, the IJ noted that in sworn statements Petitioner repeatedly failed to disclose that he had been granted asylum in South Africa to immigration officials, on his asylum application, or to the IJ at several previous hearings. (App. at 57–59). Thus the IJ denied those claims as well.

On appeal, the Board found that Petitioner had established a credible claim of past persecution and a well-founded fear of future persecution based on the January 1991 attack. The Board therefore found him eligible for asylum. However, in light of a then-recent case from this Court, the Board remanded for a finding on whether Petitioner was precluded from receiving asylum by firm resettlement in South Africa.

On remand, the government did not pursue the firm resettlement issue and, despite Petitioner's eligibility for asylum, instead asked the IJ to deny asylum as a matter of discretion. Finding that Petitioner knowingly submitted an asylum application containing a false statement and that he failed to testify truthfully concerning his asylum status in South Africa, the IJ denied Petitioner's request for asylum as a matter of discretion. (App. at 38). The IJ did, however, grant Petitioner's request for withholding

3

of removal to Somalia. (App. at 39). The Board summarily affirmed the decision of the IJ and this appeal followed.

## II.

This Court has jurisdiction to review a final order by the Board pursuant to 8 U.S.C. § 1252. Although we ordinarily review the decision of the Board, when the Board defers to the IJ we review the IJ's decision instead. *Abdulai v. Ashcroft*, 239 F.3d 542, 549 n. 2 (3rd Cir. 2001). We must uphold a discretionary grant or denial of asylum unless it is "manifestly contrary to the law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D). As for the IJ's findings of fact, we will uphold them if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 n. 1 (1992) (quotation omitted).

## A.

The Attorney General has the discretionary power to grant asylum to an alien who qualifies as a "refugee." 8 U.S.C. § 1158(b)(1); *Dia v. Ashcroft*, 353 F.3d 228, 234 n. 1 (3rd Cir. 2003). A refugee is an individual unable or unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Qualification as a "refugee," however, does not automatically entitle an alien to a grant of asylum. Instead, it is within the discretion of the Attorney General (and by proxy the Board) to determine whether an alien merits that

4

grant. *I.N.S. v. Cardoza-Fonseca*, 480 U.S. 421, 428 n. 5 (1987); *see Dia*, 334 F.3d at 234 n. 1. In making this determination, the Board must examine the totality of the circumstances. *In re H-*, 21 I. & N. Dec. 337, 347 (1996). It must give heed to any compelling humanitarian considerations that would arise should the applicant be returned to a country where he or she has been persecuted in the past. *Id.* In fact, "the danger of persecution should generally outweigh all but the most egregious of adverse factors." *Matter of Pula*, 19 I. & N. Dec. 467, 474 (1987) (superseded by statute on other grounds). The burden of establishing that a favorable exercise of discretion is warranted falls on the asylum applicant. *Id.*; *In re H-*, 21 I. & N. Dec. at 347.

B.

The IJ found that Petitioner misled the court by repeatedly failing to disclose his asylum status in South Africa at several immigration hearings. (App. at 38). In addition, the IJ found that Petitioner knowingly submitted an asylum application containing a false statement: that he had not received asylum in any other country. (App. at 38). Petitioner challenges these findings of fact, apparently arguing that they are not supported by substantial evidence. To the extent that is Petitioner's argument, we disagree. The record demonstrates that on several occasions, while under oath, Petitioner failed to disclose that he had been granted asylum in South Africa. (See App. at 461). Moreover, Petitioner admits that he made a false statement on his asylum application,

5

stating "[i]t was a big mistake to lie." (App. at 941). These findings are supported by substantial evidence and we will uphold them.

Based on the finding that Petitioner failed to disclose his asylum status in South Africa, the IJ, as a matter of discretion, denied Petitioner asylum in the United States. Petitioner challenges this holding as well. He stresses that if sent back to Somalia he would face persecution. And since "the danger of persecution should generally outweigh all but the most egregious of adverse factors," *Matter of Pula*, 19 I. & N. Dec. at 474, Petitioner contends that the IJ's denial of asylum was an abuse of discretion. Again, we disagree. Because he has been granted withholding of removal as to Somalia, Petitioner's argument is wholly irrelevant. By statute he cannot be sent back to that country. *See* 8 U.S.C. § 1231(b)(3)(A). Thus, the "danger of persecution" is not a factor in this case. Absent this danger, and given Petitioner's repeated failure to disclose his grant of asylum in South Africa, the IJ's decision was not an abuse of discretion.

### III.

Petitioner has not demonstrated that the IJ's discretionary denial of asylum was an abuse of discretion. We therefore deny the petition for review.